### E. C. & H. A. PFINGST *v.* THOMAS E. WILSON, EX'R.

**Judicial Sale—Exceptions to Report of Sale—Bidders.**
> Where a judicial sale is regular in every way, and reported to the court, it is no ground for sustaining exceptions to it that the property did not bring as high a price as it would if again offered.

**Bidders.**
> A bidder interested in the sale who does not attend or bid cannot complain that the property was sold at too low a price.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 11, 1874.

OPINION BY JUDGE PETERS:

The only question presented on this appeal is whether the court below erred in sustaining appellee's exceptions to the report of the sale made by the marshal, of the real estate described in the pleadings, and opening the biddings on the offer of appellee to advance $2,000 on the price at which appellants were reported to have purchased the property.

By the judgment under which the property was first sold, the marshal was ordered, after advertising according to law and the rules of the court, to sell upon credit of six, twelve, and eighteen months, so much of the real property of the said "Louisville Chemical Works" as may be necessary to satisfy the judgment in favor of said Masonic Savings Bank.

There is no complaint that there was any irregularity or omission of duty on the part of the marshal in making the sale; but it is insisted that there was a misunderstanding as to what would pass by the sale; that bidders did not understand what would pass by the terms "real property" in the judgment. To sustain the exception to said report, the affidavits of Welman, the marshal, and of W. B. Hamilton were read. The first named stated that at the sale and while the property was being cried off, some one, he thinks W. B. Hamilton, inquired whether the fixtures would go to the purchaser, and he replied he did not know, that he believed the property would have sold for more money than it did, if it had been known that the fixtures would have passed to the purchaser. He also stated that he believed the leaden chamber could be removed without injury to the building. In a second affidavit, he stated that he then recollected that at the sale W. B. Hamilton asked him whether the fixtures in the building would be sold under the decree, and he replied "I am ordered to sell the real estate and improvements; it is for the court to decide what the improvements are, I do not know."

Hamilton stated that he was present, and while the property was being cried off he inquired of the marshal, as he wished to purchase, whether the fixtures on the premises would go to the purchaser under the sale, and the marshal replied he did not know. He also stated that if he had purchased the premises, he would have particularly desired the fixtures thereon; and if he had known they would have passed, he would have bid more for the property than it brought; and that the doubt whether the fixtures would pass to him prevented him from bidding. How much more he would have bid if he had had the desired information he does not state. But appellee, who was interested in the sale, and for whose benefit as a creditor of the Louisville Chemical Works, the property was in part sold, was not at the sale; being a party he must be presumed to have known what the judgment was, or what would pass by the sale under it; if he did not, it was his duty to have applied to the court for an explanation, or specific directions to the marshal what he was to sell; or if he had applied to a legal adviser for information, and had been misinformed or deceived by his counsel, he would have been in a more favorable attitude. But there is nothing in the record to show that he used any efforts to inform himself on the subject about which he now complains there was a mistake or misunderstanding, until after the sale of the property.

Appellee might have learned that the purchasers probably could,

.or would make a profit on their purchase. There was no misconduct or irregularity on the part of the officer making the sale, nor unfairness or fraud practiced by appellants; nor is the difference in the price bid by them and the advanced price offered by appellee so great, considering the value of the property, as to impart fraud. It was said by this court in *Stump v. Martin,* Mss. Opinion: "It would be trifling with the stability of judicial sales, as well as the rights of purchasers, to permit those who were present at the sale, or who ought to have been there, to interfere after the sale was made, and open the bidding for no other reason than that since the sale an advanced price had been offered for the property." Hence this court has always been unwilling to go so far in any case as to say that the chancellor has the power to set aside a sale made by his commissioner merely because he could make a better bargain. In this case no reason is offered for setting aside the sale and opening the bidding but that appellee now offers to pay more for the property, while he offers no excuse for being absent when the sale was made, and permitting the loss in the price for which the property should have sold.

Wherefore the judgment sustaining the exceptions to the marshal's report, and setting aside the sale to appellants is *reversed* and the cause is remanded with directions to confirm the report of sale to them for further proceedings consistent herewith.

*Gazlay, Reineck, for appellants.*
*George Weisenger, for appellee.*